UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.223.92.246,<br><br>        Defendant. | Case No. 23-cv-03736-YGR (DMR)<br><br>**ORDER ON EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA**<br><br>Re: Dkt. No. 9 |

Plaintiff Strike 3 Holdings, LLC filed an ex parte application for leave to serve a third-party subpoena prior to a Rule 26(f) conference. The court finds that:

1. Plaintiff has established that "good cause" exists for it to serve a third-party subpoena on Comcast Cable (hereinafter the "ISP"). *See UMG Recording, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, *4 (N.D. Cal. Sept. 3, 2008); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008);

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order;

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants;

4. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons (A) who provides cable service over a cable system and directly or

> through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system

the ISP shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose [personally identifiable] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed . . .

by sending a copy of this Order to the Defendant; and

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

6. The ISP shall serve a copy of the subpoena and a copy of this order on the subscriber within 30 days of the date of service on the ISP. The ISP may serve the subscribers using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

7. Each subscriber and the ISP shall have 30 days from the date of service upon him, her, or it to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If the 30-day period lapses without the subscriber contesting the subpoena, the ISP shall have 10 days to produce to Plaintiff the information responsive to the subpoena with respect to that subscriber.

8. The ISP shall preserve all subpoenaed information pending the ISP's delivering such information to Plaintiff or the final resolution of a timely filed motion to quash the subpoena with respect to such information.

//
//
//
//
//
//

9. Plaintiff shall file a motion to seal any name or other personal identifying information of any current of proposed defendant in accordance with the procedures set forth in Civil Local Rule 79-5.

**IT IS SO ORDERED.**

Dated: August 22, 2023



_____
Donna M. Ryu
Chief Magistrate Judge